IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER DELUZ, | |
| Plaintiff, | No. CIV S-10-0809 GEB DAD PS |
| vs. | |
| THE LAW OFFICE OF FREDERICK S. COHEN, et al., | ORDER AND |
| | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On August 6, 2010, this case came before the court for hearing on the motion to dismiss and special motion to strike filed by defendants Stephanie Stilley and Thomas L. Russell, and on the special motion to strike filed by defendants The Law Office of Fredrick[1] S. Cohen and Fredrick S. Cohen individually.[2] Plaintiff, who is proceeding pro se in this case, appeared on her own behalf. Richard Stone Linkert, Esq. appeared on behalf of defendants Stilley and Russell.

/////

---

[1] It appears from filings on behalf of the Cohen defendants that the correct spelling of defendant Cohen's first name is "Fredrick." The court adopts that spelling in this document except for the caption, which reflects the name of the case as filed by plaintiff.

[2] The properly noticed motion first came before the court for hearing on June 18, 2010. Jason J. Sommer, Esq. appeared on behalf of the Cohen defendants, and defendant Cohen was also present. Plaintiff appeared on her own behalf at that time. Due to plaintiff's failure to file written opposition to the motion, the court continued the hearing to August 6, 2010.

1

Jason J. Sommer, Esq. appeared on behalf of the Cohen defendants, and defendant Cohen was also present. After the parties' arguments were heard, the motions were taken under submission.

Upon consideration of the briefs on file, the parties' arguments in open court, and the entire record, the undersigned now recommends that defendants' motions to dismiss for failure to state a claim be granted, that plaintiff's complaint be dismissed without leave to amend, and that the district court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

PLAINTIFF'S COMPLAINT

In her "Complaint for Damages," plaintiff asserts that she has brought this action under 42 U.S.C. § 1983 to challenge a deprivation of her rights under the Fourteenth Amendment to the United States Constitution. (Compl. ¶ 1.)

Plaintiff alleges the following factual background: the deprivation of plaintiff's rights occurred in a contested custody proceeding in which plaintiff was accused of parental alienation (Id. ¶¶ 2-3); after the parties to the proceeding were ordered to participate in an evaluation by a Family Court Services mediator, defendant Fredrick S. Cohen was appointed by the Sacramento County Superior Court as counsel for the parties' two minor children (Id. ¶¶ 4-5); defendant Stephanie Stilley was ordered by the court, on the recommendation of defendant Cohen, to supervise visitation between plaintiff and her children (Id. ¶ 6); defendant Thomas Russell is the supervisor of defendant Stilley (Id. ¶ 7); defendant Cohen did not conduct an investigation, review court record, interview the parties with the minor children, or conduct home inspections, but nonetheless recommended that custody be awarded to the children's father despite a history of domestic violence in the relationship between the children's parents, as well as emotional abuse and neglect by the father during visitation (Id. ¶¶ 8-9); defendant Cohen deliberately led the court, court mediators, and plaintiff to believe that he had conducted a thorough investigation, when he had not conducted an in-home investigation and falsified court records which were served on plaintiff's attorneys (Id. ¶¶ 10-11); the court trusted defendant

1  Cohen, as minors' counsel, to have the children's best interests in mind and therefore accepted
2  and followed his recommendation to change custody of the children (Id. ¶ 12); since the change
3  of custody, the minor children have been repeatedly physically and emotionally abused by their
4  father (¶ 13); plaintiff has very little visitation time with the children (Id. ¶14); plaintiff was
5  questioned repeatedly by defendant Stilley each time there was a visitation, and plaintiff therefore
6  "trusted Ms. Stilley to write a favorable report in the best interest of the minor children"
7  regarding the abuse described to plaintiff by the children, but defendant Stilley instead used the
8  information against plaintiff in her report (Id. ¶ 15); plaintiff requested that supervised visitation
9  be moved to a new facility because defendant Stilley is incompetent and plays solitaire on her
10 computer during supervised visits, but defendant Cohen refused to allow a change (Id. ¶ 16);
11 defendant Russell has refused to investigate the incompetence of defendant Stilley (Id. ¶ 17); no
12 one knows the "exact whereabouts" of the minor children (Id. ¶ 18); because of the court-ordered
13 placement of plaintiff's children with their father on the recommendations of the defendants,
14 plaintiff has been deprived of her parental rights and is alienated from her children (Id. ¶ 19).  In
15 her statement of jurisdiction, plaintiff further alleges that defendants deprived her of rights
16 guaranteed by the First and Fifth Amendments as well as the Fourteenth Amendment of the U.S.
17 Constitution.  (Id. ¶ 20.)

18          In her first cause of action, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges
19 that defendants conspired with each other and with non-defendants to deprive her of "her rights
20 and obligations of parenthood," citing defendant Cohen's recommendation that her minor
21 children be placed in the custody of their father, despite plaintiff's extensive efforts to
22 demonstrate the father's unsuitability.  (Id. ¶¶ 29-51.)  Plaintiff alleges four additional causes of
23 action for intentional infliction of emotional distress, negligent infliction of emotional distress,
24 fraud, and defamation of character.  (Id. ¶¶ 52-78.)

25          Plaintiff seeks general damages for wrongful interference with her parental rights,
26 in an amount to be proven at trial; general damages for fraud and severe emotional distress and

1  mental suffering the amount of $20,000,000.00; general damages for defamation of character in
2  the sum of $25,000,000.00 to be proven at trial; medical and related expenses according to proof;
3  costs of suit; and punitive damages in the amount of $2,500,00.00.  (Compl. at 17.)

4                                                    DEFENDANTS' MOTIONS

5             Defendants Stilley and Russell move to dismiss the complaint pursuant to Federal
6  Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff has not stated a cognizable claim
7  against the defendants and because they are immune from § 1983 suits for damages pursuant to
8  quasi-judicial immunity.  In the alternative, the defendants seek to strike plaintiff's supplemental
9  state law claims pursuant to California's Anti-SLAPP statute.

10            The Cohen defendants also move to dismiss plaintiff's complaint pursuant to
11 Federal Rule of Civil Procedure 12(b)(6) or to strike pursuant to California Code of Civil
12 Procedure § 425.16 on the grounds that:

13            (1)  plaintiff's claims are subject to the protections of California's Anti-SLAPP
                statute and plaintiff cannot meet her burden of showing a likelihood of prevailing
14              on her claims;

15            (2)  plaintiff has not and cannot state a cognizable claim against defendant Cohen
                because his only contact with her arose out of his representation of plaintiff's
16              minor children and he owed no duty to plaintiff; and

17            (3)  the conduct complained of is absolutely privileged under California Civil
                Code § 47 and the federal Noerr Pennington doctrine.
18

19 The defendants seek dismissal of all claims against them, without leave to amend.

20                                                   LEGAL STANDARDS

21 I. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

22            A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the
23 complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).
24 Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable
25 legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri
26 v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See Robertson v. Dean Witter

                                                            4

1  Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  Thus, the court may dismiss a complaint or
2  any claim within it as frivolous where the claim is based on an indisputably meritless legal theory
3  or where the factual contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327
4  (1989).  The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal
5  and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy,
6  745 F.2d 1221, 1227 (9th Cir. 1984).  As the Supreme Court recently explained, in order to state
7  a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to
8  relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

9          In determining whether a complaint states a claim, the court accepts as true the
10 material allegations in the complaint and construes those allegations, as well as the reasonable
11 inferences that may be drawn from them, in the light most favorable to the plaintiff.  Hishon v.
12 King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.
13 738, 740 (1976); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989).  For purposes of a motion to
14 dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S.
15 411, 421 (1969).

16         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
17 Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court may disregard allegations in the
18 complaint that are contradicted by facts established by exhibits attached to the complaint.
19 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  In addition, the court need
20 not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of
21 fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22 II.  Civil Rights Claims

23         The Civil Rights Act of 1964 provides that

24     [e]very person who, under color of [state law] subjects, or causes
    to be subjected, any citizen of the United States or other person
25     within the jurisdiction thereof to the deprivation of any rights,
    privileges, or immunities secured by the Constitution and laws,
26 /////

> shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A plaintiff proceeding under this statute must allege and ultimately prove that (1) he or she was deprived of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The "under color of state law" requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish that this element exists. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Section 1983 also requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, a complaint must allege specific facts concerning each defendant's violation of plaintiff's rights and must allege facts explaining how any conduct complained of resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

ANALYSIS

The court turns first to plaintiff's § 1983 claims because at least one federal claim must be viable against at least one defendant in this action in order to establish federal jurisdiction over this case.

I. Section 1983 Claim Against the Cohen Defendants

In opposition to plaintiff's § 1983 claim that defendants deprived her of constitutionally protected parental rights, the Cohen defendants contend that defendant Cohen, as an attorney in private practice, is not a state actor acting under color of state law.  Defendants cite the Supreme Court's determination that "acting under color of state law" means that the defendant exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941).  Relying on the decision in Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999), defendants argue in this regard that the ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the government.

It is well established that private lawyers appointed to serve as public defenders are not operating under color of law for purposes of a § 1983 action when they are performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Similarly, it has been held that private lawyers appointed to serve as counsel for minors in state juvenile delinquency proceedings or as counsel or guardians ad litem for children or parents in child custody proceedings are not operating under color of law for purposes of a § 1983 action when they are performing a lawyer's traditional functions as counsel in court proceedings.  Kirtley v. Rainey, 326 F.3d 1088, 1093-96 (9th Cir. 2003) (holding that the role of a guardian ad litem appointed to represent a child in a state court custody

proceeding is analogous to the role of a court-appointed public defender and that § 1983 liability is barred because the attorney does not act under color of state law); Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1992) (holding that the court-appointed attorney's representation of a child's adoptive parents did not constitute state action); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (ruling that court appointed attorney for a minor in delinquency proceedings, who had earlier acted as minor's guardian in abuse and neglect proceedings, did not act under color of state law); Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986) (holding that a guardian, who has no obligation or duty to the state but undivided loyalty to the minor, does not act under color of state law for § 1983 purposes); Ramirez v. Tsuchiya, No. C 08-4456 WHA (PR), 2008 WL 4402911, at *1 (N.D. Cal. Sept. 26, 2008) (dismissing with prejudice an inmate's § 1983 claim against the attorney who represented him in a proceeding for termination of parental rights because the court appointed attorney was not a state actor).

Here, defendant Cohen was appointed to represent plaintiff's children in child custody proceedings. In his role as advocate for the children, he did not act under color of state law and is not subject to suit under § 1983. Pursuant to the authorities set forth above, the Cohen defendants' motion to dismiss should therefore be granted as to plaintiff's § 1983 claim on the ground that the claim fails to state a claim upon which relief may be granted.

II. Section 1983 Claims Against Defendants Stilley and Russell

Defendant Stilley has a Masters in Social Work, is an Associate Clinical Social Worker, and was a registered intern with the State of California at the relevant time, working under the supervision of defendant Russell, who is her employer. Defendant Stilley supervised plaintiff and her two minor children during court-ordered supervised visitation and, pursuant to court order, prepared a report that reflected her observations during the supervised visitation. In opposition to plaintiff's § 1983 claim that they deprived her of constitutionally protected parental rights, defendants Stilley and Russell contend that they are immune from a § 1983 suit for damages pursuant to quasi-judicial immunity.

Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

A quasi-judicial immunity "is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002) (quoting Cleavinger, 474 U.S. at 200). Quasi-judicial immunity is available to individuals who perform functions that are judicial in nature or "have a sufficiently close nexus to the adjudicative process." Id. at 948. The Supreme Court has found that such immunity is available to prosecutors when they are initiating a prosecution and presenting the state's case, and when they are taking action and making decisions in preparation for the initiation of a prosecution or for trial. Id. Quasi-judicial immunity also applies to administrative law judges and agency hearing officers when they are performing adjudicative functions within a federal agency, to agency officials performing functions analogous to those of a prosecutor, to agency attorneys when arranging for the presentation of evidence in the course of an administrative adjudication, and to individuals who participate in the judicial process when they are acting within the scope of their duties. Id.

With respect to individuals who participate in the judicial process, federal courts have held that quasi-judicial immunity may extend to persons providing child protective services,

social workers, psychologists and psychiatrists, therapists, and others. See Coverdell v. Dep't of Social & Health Servs., 834 F.2d 758, 764-65 (9th Cir. 1987) ("The same concerns dictate that a CPS worker be accorded absolute quasi-judicial immunity from liability for damages stemming from the worker's apprehension of a child pursuant to a valid court order."); Demoran v. Witt, 781 F.2d 155, 156-58 (9th Cir. 1986) (probation officers preparing presentencing reports covered by absolute judicial immunity doctrine); see also Abdouch v. Burger, 426 F.3d 982, 989 (8th Cir. 2005) (absolute immunity shielded social workers from liability for initiating and maintaining termination of parental rights proceedings); Brown v. Newberger, 291 F.3d 89, 94-95 (1st Cir. 2002) (employees who conducted sexual abuse evaluations and issued reports at the request of the court in connection with child custody proceedings were entitled to absolute quasi-judicial immunity); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984) (social services employees, psychiatrist, psychologist and lawyer involved in proceedings terminating plaintiffs' parental rights and removing child from plaintiffs' home were entitled to absolute immunity); Dock v. State of Nevada, No. 2:10-cv-00275-RCJ-LRL, 2010 WL 5441642, at *5-6 (D. Nev. Dec. 28, 2010) (holding that child protective service workers have absolute quasi-judicial immunity from suit when they are providing information to the court and engaging in duties that are integral to the court's decision-making processes); Masoud v. County of San Joaquin, 2006 WL 3251797, at *5 (E.D. Cal. Nov. 8, 2006) (submission of papers and testimony to the court by defendant social workers protected by absolute immunity).

Here, plaintiff alleges that defendant Stilley was ordered by the court to supervise plaintiff and her children during the supervised visitation ordered by the court. Plaintiff further alleges that defendant Stilley was ordered by the court to produce a report that would be used in determining custody of her minor children, and defendant Stilley did in fact produce such a report. Plaintiff claims that she does not have custody of her children at this time in part because of the information contained in defendant Stilley's report, which was presented to the court and

/////

all parties.³ Defendants Stilley and Russell have demonstrated that they are entitled to quasi-judicial immunity based on the court-ordered functions they performed relative to plaintiff and her children. Defendants' motion to dismiss should therefore be granted on the ground that plaintiff's allegations fail to state a § 1983 claim against them upon which relief may be granted.

III. Futility of Amendment

The undersigned has carefully considered whether there is any possibility that plaintiff may amend her complaint to state a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). It appears that granting further leave to amend would be futile in this instance given the nature of plaintiff's complaint and the defects noted above.

CONCLUSION

Plaintiff's § 1983 cause of action against all defendants should be dismissed for the reasons set forth above. Plaintiff's remaining claims are brought under state law for intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, and defamation of character. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The undersigned will recommend that the assigned district judge decline to exercise jurisdiction over plaintiff's state law claims.

---

³ Plaintiff alleges only that defendant Stilley was "incompetent" and that defendant Russell refused to investigate defendant Stilley's alleged incompetence. (Compl. ¶¶16-17.) Plaintiff does not allege that defendants Stilley or Russell fabricated evidence. See Beltran v. Santa Clara County, 514 F.3d 906, 908-09 (9th Cir. 2009) (en banc) (absolute immunity does not extend to such discretionary investigative decisions by social workers).

Finally, the docket reflects that plaintiff has filed an application to proceed in forma pauperis "without prepayment of fees." However, the court notes that plaintiff paid the required filing fees when she filed this case, and no other fees are due. The application to proceed in forma pauperis is unnecessary.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 9, 2010 application to proceed in forma pauperis (Doc. No. 16) is denied as moot; and

IT IS RECOMMENDED that:

1. The motion to dismiss and, in the alternative, special motion to strike (Doc. No. 6) brought by defendants Stephanie Stilley and Thomas L. Russell be granted in part;

2. The special motion to strike (Doc. No. 7) brought by defendants Law Office of Fredrick S. Cohen and Fredrick S. Cohen individually be granted in part;

3. Plaintiff's complaint be dismissed without leave to amend, for failure to state a federal claim upon which relief may be granted against any defendant;

4. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims; and

5. This action be dismissed with prejudice as to the § 1983 claims and without prejudice as to the state law claims.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are

/////

/////

/////

advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\deluz0809.oah080610.f&r